**Affirmed and Majority and Dissenting Opinions filed September 14, 2023.**



In The

# Fourteenth Court of Appeals

NO. 14-23-00186-CV
NO. 14-23-00208-CV

**IN THE INTEREST OF C.J.B., A CHILD**
**IN THE INTEREST OF T.A.B., A CHILD**

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 2021-01521J, 2021-01521J-B**

## D I S S E N T I N G   O P I N I O N

Based on my beliefs that *W.D.H.* controls and that the majority is not following it, I respectfully dissent from the majority and would reverse and remand with instructions that the trial court conduct its analysis and enter findings under the Indian Child Welfare Act alone. While I agree with the majority that it is generally appropriate for an appellate court to ignore a trial court's erroneous findings, I nonetheless conclude it is inappropriate to do so where (as here) such findings are expressly prohibited by this court's precedent. *See In re W.D.H.*, 43

S.W.3d 30, 37 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("The requirement under the Family Code that termination of the parent's rights must be in the best interest of the child is based on the 'Anglo' standard for determining the best interest of the child . . . . When state courts make a determination regarding the best interest of the child, 'they obviously consider the factors from their own perspective, that is, an Anglo-American point of view.' . . . Therefore, we conclude that it is not possible to comply with both the two-prong test of the Family Code, which requires a determination of the best interest of the child under the 'Anglo' standard, and the ICWA, which views the best interest of the Indian child in the context of maintaining the child's relationship with the Indian Tribe, culture, and family . . . . Because, [sic] the best interest of the child, as required by the Family Code, conflicts with the ICWA, the trial court erred in making its determinations regarding the best interest of the child under state law.") (internal citations omitted); *see also id.* (quoting *In re Custody of S.E.G.*, 521 N.W.2d 357, 363 (Minn. 1994) ("The best interests of the child standard, by its very nature requires a subjective evaluation of a multitude of factors, many, if not all of which are imbued with the values of majority culture.")); *In re Custody of S.E.G.*, 521 N.W.2d at 362 ("We believe, however, that a finding of good cause cannot be based simply on a determination that placement outside the preferences would be in the child's best interests. The plain language of the Act read as a whole and its legislative history clearly indicate that state courts are a part of the problem the ICWA was intended to remedy."); *accord In re Adoption of Riffle*, 922 P.2d 510, 515 (Mont. 1996) (holding the district court erred when it made a "best interests" finding because it was "an unnecessary and inappropriate analysis under the ICWA").

2

/s/   Meagan Hassan
Justice

Panel consists of Justices Jewell, Hassan, and Wilson (Wilson, J., majority).